### STATE v. CARL LEAKE AND MABEL LEAKE.

(Filed 16 June, 1966.)

APPEAL by defendants from *Burgwyn, E.J.,* December, 1965 Criminal Session, ROBESON Superior Court.

The defendants, Carl Leake and Mabel Leake, were tried and convicted on a bill of indictment containing two felony counts. The first count charged that the appellants, together with three other members of their family (naming them) and others not named, conspired to burn the dwelling house occupied by the named defendants. The second count charged those named in the first count with the substantive offense of actually burning the building.

The evidence disclosed that the appellants, husband and wife, prior to a sale had owned the equity of redemption in the tract of land on which the dwelling house was located. A foreclosure sale had been held under the power contained in their deed of trust, the land had been sold, and the defendants had been notified to vacate. The State's evidence consisted of circumstances, including the evidence of removal and concealment of much of the household immediately prior to the fire. There was direct evidence of incriminating admissions.

The defendants' motion to dismiss was sustained and the action dismissed as to all defendants except Carl Leake and Mabel Leake,

the appellants, both of whom testified as defense witnesses, denying guilt.

The jury returned verdicts of guilty on both counts against both defendants. From the judgments of imprisonment, both appealed.

*T. W. Bruton, Attorney General, Andrew A. Vanore, Jr., Staff Attorney for the State.*

*F. D. Hackett for defendant appellants.*

PER CURIAM. This case is a repeat of the usual complaints that incriminating admissions should have been excluded as involuntary: that the court in its charge failed to comply with G.S. 1-180. The evidence presented issues of fact which the jury resolved against the defendants. In the charge the court explained the principles of law involved and properly related them to the evidence, and properly placed the burden on the State of proving all the essential elements of the offenses beyond a reasonable doubt. Review of the record fails to disclose any error of law or any reason why the verdicts and judgments should be disturbed.

No error.

MOORE, J., not sitting.